IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERARDO ALVAREZ, (TDCJ-CID #2005608) Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION H-19-0686 |
| ANN ALEXANDER, et al., Defendants. | § § § § | |

**MEMORANDUM AND OPINION**

Gerardo Alvarez, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in February 2019, alleging civil rights violations resulting from a denial of due process. Alvarez, proceeding pro se and in forma pauperis, sues Ann Alexander, forensic examiner; J.B., victim; and A.B., victim.

The threshold issue is whether Alvarez's claims should be dismissed as frivolous.

**I.    Alvarez's Allegations**

Online research reveals that Alvarez was convicted of aggravated sexual assault of a child in Cause Number 14-11-12,124 in DeWitt County, Texas, on June 8, 2015. He received a seventy-five-year prison sentence.

Alvarez assert that Ann Alexander, the forensic examiner, conducted an interview of the victims, J.B. and A.B. Alvarez complains that Alexander never submitted the video of the interview of the victims to the court during Alvarez's criminal trial. Alvarez asserts that J.B. gave false testimony at Alvarez's criminal trial. He further claims that A.B. falsely claimed penetration of her

sexual organ. Alvarez maintains that there was no medical evidence to corroborate A.B.'s allegations.

Alvarez maintains his innocence and requests legal help.

## II. Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

In this instance, the crux of Alvarez's complaint is that he was improperly charged and convicted of aggravated sexual assault of a child. The complaint challenges the sufficiency of the evidence to support his conviction. A ruling granting Alvarez the relief which he seeks would necessarily implicate the validity of his conviction in Cause No. 14-11-12,124 and inevitably affect

the duration of his confinement.

Under *Heck,* Alvarez must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Alvarez cannot make such showing. He has not alleged that his conviction in Cause Number 14-11-12,124 has been reversed, invalidated or otherwise expunged. Until Alvarez receives a ruling declaring his sentence invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck,* he is barred from any recovery...."). Alvarez's claims challenging his conviction for aggravated sexual assault of a child are "legally frivolous" within the meaning of sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."). Alvarez's claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

Alternatively, the Court finds that Alvarez's claims lack merit. Ann Alexander, J.B., and A.B. all testified at Alvarez's criminal trial for aggravated sexual assault of a child. Witnesses are absolutely immune from suit for damages under the Civil Rights Act. *See Briscoe v. LaHue,* 460 U.S. 325, 329-34 (1983); *Young v. Biggers,* 938 F.2d 565, 569 (5th Cir. 1990). Alvarez cannot prevail against Alexander, J.B., and A.B..

Alvarez's civil rights claims against Ann Alexander, J.B., and A.B. are DISMISSED as

frivolous.

**III. Conclusion**

Alvarez's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED. The action filed by Gerardo Alvarez (TDCJ-CID Inmate #2005608) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). The TDCJ-CID must continue to deduct twenty percent of each deposit made to Alvarez's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on March 14, 2019.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE